Esiquio-Marcial v. Garland

Poczter, IJ
A205 583 140

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

URBANO ESIQUIO-MARCIAL,
> *Petitioner,*

v.                                                    19-3262
                                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Gary J. Yerman, Esq., New York,
                             NY.

FOR RESPONDENT:              Ethan P. Davis, Acting Assistant
                             Attorney General; Jessica E.
                             Burns, Senior Litigation Counsel;
                             Edward C. Durant, Attorney, Office
                             of Immigration Litigation, United
                             States Department of Justice,
                             Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of an Immigration Judge ("IJ"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Urbano Esiquio-Marcial, a native and citizen of Mexico, seeks review of a September 16, 2019 decision of an IJ concurring with the Department of Homeland Security's finding that Esiquio-Marcial failed to establish a reasonable fear of persecution or torture. *In re Urbano Esiquio-Marcial*, No. A205 583 140 (Immig. Ct. N.Y.C. Sept. 19, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Although neither Esiquio-Marcial nor the Government contests our jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Our jurisdiction in removal proceedings is limited to review of petitions filed within 30 days of a "final order of removal." 8 U.S.C. § 1252(a)(1), (b)(1).

2

We lack jurisdiction over Esiquio-Marcial's October 2019 petition because it was not timely filed within 30 days of his 2013 removal order or the August 2018 reinstatement of that order. *See* 8 U.S.C. § 1252(b)(1) (providing 30-day deadline to file petition for review); *Bhaktibhai-Patel v. Garland*, No. 19-2565, 2022 WL 1230819, at *7–8 (2d Cir. Apr. 27, 2022); *see also Luna v. Holder*, 637 F.3d 85, 92 (2d Cir. 2011) ("Th[e] 30-day filing requirement is jurisdictional and is not subject to equitable tolling." (cleaned up)). "Both of these orders became final well over 30 days before [Esiquio-Marcial] filed his petition." *Bhaktibhai-Patel*, 2022 WL 1230819, at *7.

Although the petition was filed within 30 days of the IJ's September 2019 decision affirming the asylum officer's negative reasonable fear determination, that ruling is not a final order of removal because it does "not determine whether the alien is deportable or order deportation," or "affect the validity of any determination regarding an alien's deportability or deportation." *Bhaktibhai-Patel*, 2022 WL 1230819, at *7 (cleaned up).

3

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court